Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 877-788-2864
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERRI JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NAVIENT SOLUTIONS, INC.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 27 U.S.C. §227 ET. SEQ.;**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

# COMPLAINT

SHERRI JOHNSON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NAVIENT SOLUTIONS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business and has its principal office in the State of Delaware, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Modesto, California 95355.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with an office located at 123 Justison Street, Suite 300, Wilmington, Delaware 19801.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning sometime in the year 2010 and continuing thereafter, Defendant called Plaintiff on her cellular telephone multiple times per day.

13. When calling Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff also received live calls with real representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Plaintiff knew that the calls were automated, as when she answered the telephone, she would hear a computerized voice stating, "This call is for Sherri Johnson" before the calls were transferred to representatives.

17. Defendant was calling Plaintiff regarding a student loan.

18. Desiring to stop the calls, Plaintiff spoke to Defendant after the calls began in 2010 and requested that the calls stop immediately.

19. Plaintiff also sent Defendant a letter advising Defendant to stop calling her regarding her student loans.

20. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

21. However, Defendant continued to make automated telephone calls to Plaintiff on her cellular telephone, calling her multiple times per day from 2010 through 2016.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHERRI JOHNSON, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHERRI JOHNSON, demands a jury trial in this case.

                                            RESPECTFULLY SUBMITTED,

                                            KIMMEL & SILVERMAN, P.C.

Dated: September 29, 2016      By: /s/ Amy L. Bennecoff Ginsburg
                                                Amy L. Bennecoff Ginsburg (275805)
                                                Kimmel & Silverman, P.C
                                                30 East Butler Pike
                                                Ambler, PA 19002
                                                Telephone: (215) 540-8888
                                                Facsimile: (215) 540-8817
                                                Email: aginsburg@creditlaw.com
                                                Attorney for Plaintiff