UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRI JOHNSON, | Case No. 2:16-cv-02327 JAM-AC |
| Plaintiff, | **PRETRIAL CONFERENCE ORDER** |
| v. | |
| NAVIENT SOLUTIONS, INC., | |
| Defendant. | |

Pursuant to court order, a Pretrial Conference was held on August 10, 2018 before Judge John Mendez. Richard J. Albanese appeared as counsel for plaintiff; Renee Choy Ohlendorf appeared as counsel for defendant. After hearing, the Court makes the following findings and orders:

### I. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331, and has previously been found to be proper by order of this court, as has venue. Those orders are confirmed.

### II. JURY/NON-JURY

Plaintiff has demanded a jury trial.

III. <u>STATEMENT TO BE READ TO JURY</u>

Seven (7) days prior to trial the parties shall E-file a joint statement of the case that may be read to the jury at the beginning of jury selection.

IV. <u>UNDISPUTED FACTS</u>

1. Plaintiff is a natural person.

2. NSL is a Delaware limited liability company with a place of business in Reston, Virginia.

3. NSL was previously known as Navient Solutions, Inc., and before that as Sallie Mae, Inc.

4. Defendant is a "person" as the term is defined by 47 U.S.C §153(39).

5. Plaintiff executed a private student loan, a CEC Signature Loan, on November 2, 2004, which disbursed on February 1, 2005.

6. Plaintiff executed a Federal PLUS student loan for her daughter on August 19, 2008, which disbursed in September 2008.

7. Plaintiff executed a second Federal PLUS student loan for her daughter on February 17 2009, which disbursed on May 6, 2009.

8. Plaintiff thereafter obtained a consolidation loan.

9. At all relevant times, NSL serviced the four student loans obtained by Plaintiff.

10. Plaintiff used and possessed a cellular phone with a number ending in    -9833 from January 1, 2010, to September 29, 2016.

11. In connection with servicing Plaintiff's student loans, NSL called Plaintiff's cellular telephone number ending in -9833 at various times from January 1, 2010 to September 29, 2016.

12. Because the statute of limitations for a claim under the TCPA is four years, Plaintiff's claim concerns only calls made from September 29, 2012 to September 29, 2016.

13. On or about September 21, 2010, Plaintiff provided her cellular phone number ending in -9833 to NSL when she completed, executed, and submitted an economic hardship deferment request.

14. Plaintiff sent NSL written correspondence regarding her student loans in October 2013.

15. Plaintiff sent NSL an e-mail regarding her student loans in November 2013.

16. Plaintiff sent NSL written correspondence regarding her student loans in January 2014.

17. Plaintiff sent NSL written correspondence regarding her student loans in May 2014.

18. Plaintiff sent NSL written correspondence regarding her student loans in February 2015.

19. On a call with NSL on September 4, 2015, Plaintiff confirmed that the best telephone number to reach her at was the cellular telephone number ending in -9833.

20. NSL made one thousand five hundred and one (1,501) calls to Plaintiff on her cellular telephone number ending in -9833 after October 29, 2013.

## V. DISPUTED FACTUAL ISSUES

1. Whether Plaintiff asked NSL to stop calling her in 2010.

2. The nature and effect of the letters and emails sent by Plaintiff to NSL.

3. The nature and effect of Plaintiff providing NSL with her cellular telephone number on September 21, 2010, March 18, 2014,

3

May 19, 2014, October 28, 2014, and May 15, 2015.

## VI. DISPUTED EVIDENTIARY ISSUES

NSL intends to make a motion *in limine* with respect to any contention that Plaintiff suffered emotional distress or was harassed by the disputed telephone calls.

The issue of whether Defendant's telephone system is an Automated Telephone Dialing System previously stipulated to by the parties was discussed and the Court informed the parties that Defendant's withdrawal from this stipulation would be accepted by the Court.

## VII. RELIEF SOUGHT

Plaintiff contends that 1,501 calls were made in violation of the TCPA. Plaintiff seeks statutory damages of $500 per call and treble damages for a finding of willfulness to $1,500 per call. Therefore, Plaintiff seeks a total recovery of $750,500 to $2,251,500.

NSL seeks no monetary damages from Plaintiff, and denies that Plaintiff is entitled to any relief whatsoever.

## VIII. POINTS OF LAW

Trial briefs shall be E-filed with the court no later than September 24, 2018. Any points of law not previously argued to the Court should be briefed in the trial briefs.

## IX. ABANDONED ISSUES

The parties are not aware of any abandoned issues in this case.

///

///

///

# X. <u>WITNESSES</u>

Plaintiff and Defendant anticipate calling the following witnesses:

1. Sherri Johnson;

2. Andrew Reinhart;

3. Joshua Dries; and

4. Shayla Ervin

Each party may call a witness designated by the other.

A. No other witnesses will be permitted to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2) The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in "B" below.

B. Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless:

(1) The witnesses could not reasonably have been discovered prior to Pretrial;

(2) The court and opposing counsel were promptly notified upon discovery of the witnesses;

(3) If time permitted, counsel proffered the witnesses for deposition;

(4) If time did not permit, a reasonable summary of the witnesses' testimony was provided to opposing counsel.

## XI. EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff intends to introduce the following exhibits:

1. Plaintiff's CEC Signature Student Loan Application and Promissory Note dated November 2, 2004 ((Bates stamped NSL000001-NSL000004);

2. Plaintiff's Federal PLUS Loan Application and Promissory Note dated August 19, 2008;

3. Plaintiff's Federal PLUS Loan Application and Promissory Note dated February 17, 2009 (Bates stamped NSL000005-NSL000010);

4. Plaintiff's Federal Direct Consolidation Loan Application and Promissory Note (NSL000011-NSL000023);

5. Plaintiff's request for forbearance dated June 5, 2008 (Bates stamped NSL000899);

6. Plaintiff's request for forbearance dated April 30, 2009 (Bates stamped NSL000900);

7. Plaintiff's request for special customer service consideration dated April 23, 2010 (Bates stamped NSL000897-NSL000898);

8. Correspondence from Plaintiff to NSL and Plaintiff's economic hardship request dated September 21, 2010 (Bates stamped NSL000726-NSL000729);

9. Plaintiff's financial worksheet dated March 18, 2014 (Bates stamped NSL000894-NSL000896);

10. Class action settlement agreement and related pleadings in *Arthur v. SLM Corporation, et al.*, United States District Court for the Western District of Washington, Case No. 2:10-cv-00198-JLR, effective September 1, 2012;

11. Images of Plaintiff's access of NSL's website dated May

19, 2014 (Bates stamped NSL000771-NSL000789);

12. Images of Plaintiff's access of NSL's website dated October 28, 2014 (Bates stamped NSL000790-NSL000802);

13. Images of Plaintiff's access of NSL's website dated May 15, 2015 (Bates stamped NSL000838-NSL000872);

14. Subpoena to Verizon Wireless and documents received in response (Plaintiff's cell phone bills from January 1, 2010 to December 31, 2015);

15. Correspondence from Plaintiff to NSL dated September 14, 2010 (Bates stamped as NSL000724-NSL000725);

16. Email from Plaintiff to NSL dated September 25, 2010 (produced by Plaintiff);

17. Correspondence from Plaintiff to NSL dated October 29, 2013 (Bates stamped NSL000731-NSL000733);

18. E-mail from Plaintiff to NSL dated November 29, 2013 (Bates stamped NSL000761);

19. Correspondence from Plaintiff to NSL dated January 6, 2014 (Bates stamped NSL000734-NSL000745);

20. Correspondence from Plaintiff to NSL dated January 14, 2014 (Bates stamped NSL000754-NSL000764);

21. Correspondence from NSL to Plaintiff dated February 20, 2014 (Bates stamped NSL000765-NSL000767);

22. Correspondence from Plaintiff to NSL dated May 12, 2014;

23. Correspondence from NSL to Plaintiff dated May 28, 2014 (Bates stamped NSL000768-NSL000770);

24. Correspondence from Plaintiff to NSL dated February 25, 2015 (Bates stamped NSL000747-NSL000752);

25. E-Mail from Plaintiff to NSL dated September 26, 2015

(produced by Plaintiff);

26. Correspondence from Plaintiff to NSL dated May 20, 2016 (produced by Plaintiff); and

27. Correspondence from Kimmel & Silverman, P.C. to NSL dated May 23, 2016 (Bates stamped NSL000753) and return receipt.

Defendant intends to introduce the following exhibits:

A. NSL's Correspondence History for Plaintiff's account (Bates stamped NSL000024-NSL000389);

B. NSL's FDR Correspondence History for Plaintiff's account (Bates stamped NSL0000390-NSL000523);

C. NSL's Artiva notes for Plaintiff's account (Bates stamped NSL000524-NSL000723);

D. NSL's Call log (Bates stamped NSL000873-NSL000893);

E. Voice Messages numbered 1-9 (produced by Plaintiff in digital format); and

F. NSL's Call Recording of September 4, 2015 (produced by NSL in digital format).

Each party may use an exhibit designated by the other.

A. No other exhibits will be permitted to be introduced unless:

(1) The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2) The exhibit was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "B," below.

B. Upon the post-Pretrial discovery of exhibits, the attorneys shall promptly inform the court and opposing counsel of

the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates:

(1) The exhibits could not reasonably have been discovered prior to Pretrial;

(2) The court and counsel were promptly informed of their existence;

(3) Counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel. If the exhibit(s) may not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

As to each exhibit, each party is ordered to exchange copies of the exhibit not later than fourteen (14) days before trial. Each party is then granted five (5) days to file and serve objections to any of the exhibits. In making the objection, the party is to set forth the grounds for the objection. The parties shall pre-mark their respective exhibits in accord with the Court's Pretrial Order. Exhibit stickers may be obtained through the Clerk's Office. An original and one (1) copy of the exhibits shall be presented to Harry Vine, Deputy Courtroom Clerk, at 8:30 a.m. on the date set for trial or at such earlier time as may be agreed upon. Mr. Vine can be contacted at (916) 930-4091 or via e-mail at: hvine@caed.uscourts.gov. As to each exhibit which is not objected to, it shall be marked and may be received into evidence on motion and will require no further foundation. Each exhibit which is objected to will be marked for identification only.
///

1    XII. <u>DISCOVERY DOCUMENTS</u>

2        The parties expect to offer the following discovery documents:

3        1.    Plaintiff's Responses to NSL's First Set of

4    Interrogatories;

5        2.    Plaintiff's Responses to NSL's First Set of Requests for

6    Admission;

7        3.    Plaintiff's Responses to NSL's First Set of Requests for

8    Production of Documents;

9        4.    Defendant's Responses to Plaintiff's First Set of

10   Interrogatories;

11       5.    Defendant's Responses to Plaintiff's First Set of

12   Requests for Admission;

13       6.    Defendant's Responses to Plaintiff's First Set of

14   Requests for Production of Documents;

15       7.    Deposition Transcript of Plaintiff, taken May 25, 2017;

16   and

17       8.    Deposition Transcript of Shayla Ervin, taken July 12,

18   2017.[1]

19                  XIII. <u>FURTHER DISCOVERY OR MOTIONS</u>

20       Pursuant to the court's Status Conference Order, all discovery

21   and law and motion was to have been conducted so as to be completed

22   as of the date of the Pretrial Conference.  That order is

23   confirmed.  The parties are free to do anything they desire

24   pursuant to informal agreement.  However, any such agreement will

25   not be enforceable in this court.

26   ///

27   _____

28   [1] Plaintiff intends to read portions of this deposition into the
     record if Ms. Ervin is not produced to testify at trial.

                                   10

XIV. <u>STIPULATIONS</u>

None.

XV. <u>AMENDMENTS/DISMISSALS</u>

None.

XVI. <u>FURTHER TRIAL PREPARATION</u>

A.   Counsel are directed to Local Rule 285 regarding the contents of trial briefs.  Such briefs should be filed on or before September 24, 2018.

B.   Counsel are further directed to confer and to attempt to agree upon a joint set of jury instructions.  The joint set of instructions shall be lodged via ECF with the court on or before September 24, 2018 and shall be identified as the "Jury Instructions Without Objection."  As to instructions as to which there is dispute the parties shall submit the instruction(s) via ECF as its package of proposed jury instructions on or before September 28, 2018.  This package of proposed instructions should not include the "Jury Instructions Without Objection" and should be clearly identified as "Disputed Jury Instructions" on the proposed instructions.

The parties shall e-mail a set of all proposed jury instructions in word format to the Court's Judicial Assistant, Jane Klingelhoets, at: jklingelhoets@caed.uscourts.gov.

C.   It is the duty of counsel to ensure that a hard copy of any deposition which is to be used at trial has been lodged with the Clerk of the Court pursuant to Local Rule 133(j).  The depositions shall be lodged with the court clerk seven (7) calendar days prior to the date of the trial.  Counsel are cautioned that a failure to discharge this duty may result in the court precluding

use of the deposition or imposition of such other sanctions as the court deems appropriate.

D.    The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before the trial a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

E.    The parties are ordered to E-file with the court and exchange between themselves not later than one (1) week before trial the portions of Answers to Interrogatories and/or Requests for Admission which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

F.    Each party may submit proposed voir dire questions the party would like the court to put to prospective jurors during jury selection.  Proposed voir dire should be submitted via ECF one (1) week prior to trial.

G.    Each party may submit a proposed verdict form that the party would like the Court to use in this case.  Proposed verdict forms should be submitted via ECF one (1) week prior to trial.

H.    In limine motions shall be E-filed separately on or before September 21, 2018.  Opposition briefs shall be E-filed on or before September 26, 2018.  No reply briefs may be filed.

### XVII. SETTLEMENT NEGOTIATIONS

No further formal Settlement Conference will be set in this case at this time.

### XVIII. AGREED STATEMENTS

See paragraph III, *supra*.

XIX. SEPARATE TRIAL OF ISSUES

The parties do not believe a separate trial of issues is feasible or advisable.

XX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XXI. ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 293.

XXII. MISCELLANEOUS

None.

XXIII. ESTIMATE OF TRIAL TIME/TRIAL DATE

The parties estimate two (2) to three (3) court days for trial. Trial will commence on or about October 1, 2018, at 9:00 a.m.

Counsel are to call Harry Vine, Courtroom Deputy, at (916) 930-4091, one week prior to trial to ascertain the status of the trial date.

XXIV. OBJECTIONS TO PRETRIAL ORDER

Each party is granted seven (7) days from the date of this Pretrial Order to object or respond to it via ECF.

IT IS SO ORDERED.

DATED: August 10, 2018.

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

13